UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE LUIS SANTOS,

                          Plaintiff,

v.                                                    Case No. 16-cv-1362-pp

MARK KARTMAN AND LORIE IVERSON,

                          Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 15)**

---

Plaintiff Jose Luis Santos is a Wisconsin state prisoner representing himself. On December 20, 2016, Magistrate Judge William E. Duffin screened the plaintiff's complaint, and allowed him to proceed on equal protection and retaliation claims based on allegations that the defendants fired him from his prison job because of his race and/or in retaliation for his refusal to provide information about a gang-related investigation. Dkt. No. 8 at 7-9. On January 11, 2017, the case was reassigned to this court because the defendants did not consent to the magistrate judge presiding over the case. The plaintiff has filed a motion to compel. Dkt. No. 15. The court will deny the motion.

In his brief in support of his motion to compel, the plaintiff states that on February 20, 2017, he filed a Request for Admissions and Production of Documents. Dkt. No. 16 at 1. His motion relates to the defendants' responses to his first three requests for production of documents:

    REQUEST NUMBER 1: Identify and Produce any and all documents showing that Santos played some kind of role in the

incident that took place and why plaintiff lost his job in part because he had played a role and had significant information regarding the altercation.

RESPONSE NUMBER 1: Please the attached documents:

1) Memorandum to Jose Santos from Security Director Kartman, dated June 14, 2016 (1 page);

2) Offender Work/Program/Placement (DOC-1408 form), date signed July 20, 2016 (1 page).

There is also an 8-page Division of Adult Institutions investigative file that is responsive to this request. The file is strictly confidential for security reasons, as it relates to the investigation of gang activities and contains notes of confidential interviews. Counsel for Defendants OBJECTS to producing any part of the investigative file under any circumstances and will seek a protective order to that effect if necessary. To the extent that the file contains information relevant to Plaintiff's claims, Plaintiff may serve interrogatories on Security Director Kartmann pursuant to Fed. R. Civ. P. 33 requesting information regarding the loss of Plaintiff's job. This response is not a promise that Mr. Kartmann will be able to fully answer any interrogatory Plaintiff serves for the same reason that the investigative file cannot be produced, but any interrogatories will be reviewed with counsel and Defendants will respond accordingly.

REQUEST NUMBER 2: Identify and Produce any and all evidence of the investigation showing what Santos stated to the investigator.

RESPONSE NUMBER 2: See OBJECTION in Response No. 1.

REQUEST NUMBER 3: Identify and Produce any and all evidence as to why Santos was fired from his job on 6-14-16.

RESPONSE NUMBER 3: See Response No. 1.

Dkt. No. 17-1 at 1-2.

The plaintiff argues that in objecting to his discovery requests, the defendants are trying to deprive him of the discovery that is most relevant to his claims. Dkt. No. 16 at 3. He says that if he does not have this information,

2

it will be impossible for him to "fight this case," and the documents show what he will need to "win this case." Id.

The defendants respond that the court should deny the plaintiff's motion to compel as premature. Dkt. No. 18 at 3, 4. According to the defendants, the plaintiff did not confer with them before filing his motion, as required by the federal and local rules of civil procedure. Id. at 3. The defendants also state that on April 10, 2017, the plaintiff served interrogatories seeking specific information about his claims, as counsel for the defendants had suggested that he do in response to the plaintiff's discovery request. Id. The defendants assert that the deadline for them to respond to the plaintiff's interrogatories was May 10, 2017, and that the plaintiff should be required to wait to review their response to his interrogatories before seeking the court's intervention regarding the investigative file. Id.

Under Federal Rule of Civil Procedure 37, a party may file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences."

The plaintiff's motion did not include a certification that he conferred, or attempted to confer, with the defendants before filing his motion. (The court realizes that a plaintiff who is in custody cannot pick up the telephone and call the defendants' lawyer, but he can write counsel a letter in an attempt to work out any disagreements over discovery.) The plaintiff's motion also is premature because, as the defendants explained in their response to his discovery request, the plaintiff may be able to obtain relevant information from the Division of Adult Institutions investigative file by serving an interrogatory on Security Director Kartmann. The plaintiff served interrogatories on Kartmann on April 10, 2017, and the defendants' response was due May 10, 2017. Without knowing the outcome of this discovery request, court action would be premature.

Finally, the plaintiff's motion asked the court to appoint a lawyer to represent him. The plaintiff bases his request on needing the Division of Adult Institutions investigative file. Dkt. No. 16 at 3. According to the plaintiff, if he can't have the documents for security reasons, then he will need an attorney who (presumably) will be permitted to review the documents.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to

hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff has not provided the court with any proof that he attempted to find an attorney on his own. He must make a "reasonable effort" to find an attorney before the court will consider recruiting one for him. In order to satisfy this requirement, the plaintiff should contact at least three attorneys. If he decides to file another motion to appoint counsel, the plaintiff should include the names of the attorneys in his renewed motion. Because the plaintiff has not satisfied the initial requirement of trying to find an attorney on his own, the court will deny his request for counsel without prejudice (which means that he may renew the request once he has tried to find a lawyer on his own).

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 30th day of June, 2017.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**