UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE LUIS SANTOS,

        Plaintiff,

v.                                                    Case No. 16-cv-1362-pp

MARK KARTMAN, *et al.*,

        Defendants.

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DKT. NO. 29), DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF MOTION TO APPOINT COUNSEL (DKT. NO. 30), AND ORDERING DEFENDANTS TO PROVIDE CONFIDENTIAL DOCUMENT TO THE COURT FOR AN *IN CAMERA* REVIEW**

### I.    Motion for Extension of Time

The defendants filed a motion for summary judgment on June 23, 2017. Dkt. No. 20. The plaintiff asked the court to extend the deadline by which he was required to respond, dkt. no. 29; three weeks later, the court received from the plaintiff a timely response to the motion, dkt. nos. 32-35. The court will deny the plaintiff's motion for an extension of time as moot.

### II.    Motion for Reconsideration and Motion for Protective Order

On June 30, 2017, the court denied the plaintiff's motion to compel the production of a confidential document that defendants refused to produce in response to a discovery request, because the court found that the plaintiff's motion was premature. Dkt. No. 28. In that same order, the court denied without prejudice the plaintiff's motion for the recruitment of counsel. Id. A

1

little more than a week later, the court received from the plaintiff a motion for reconsideration of both decisions. Dkt. No. 30. The defendants oppose the motion, and have asked the court to enter a protective order in connection with the confidential document. Dkt. No. 36. For the reasons explained below, the court will deny the plaintiff's motion asking the court to reconsider its denial of his motion to appoint counsel, and will require the defendants to deliver the confidential document to the court's chambers for an *in camera* review.

      A. *Reconsideration of Order Denying Motion for Appointment of Counsel*

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). The litigant must first, however, make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once the litigant demonstrates that he has made reasonable attempts to hire counsel, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Most incarcerated plaintiffs who are representing themselves ask the court to appoint counsel to represent them. Most of them are not lawyers, do not have any legal training, do not have funds to hire an attorney, and have

limited access to legal research materials. The court does not have the resources to pay lawyers to represent *pro se* plaintiffs, and there are not enough lawyers in the community willing to volunteer their time to represent *pro se* plaintiffs. Accordingly, the court must consider carefully the Pruitt factors and appoint counsel only in complex cases where it believes the plaintiff is not capable of clearly presenting his claims to the court.

The plaintiff has satisfied the first Pruitt factor by demonstrating that he made reasonable attempts to hire private counsel on his own. Dkt. No. 31. The court, however, will not recruit counsel to represent him at this time because the court is satisfied that the plaintiff is capable of representing himself. The issues in the case are not complex, and the plaintiff successfully has served discovery, filed numerous motions, and filed a response to the defendants' motion for summary judgment. The court has not had any problems understanding the plaintiff's communications: they are well thought-out, organized and supported by relevant case law.

In fact, it appears that the plaintiff's only reason for wanting an attorney is so that the attorney can view the confidential document that the defendants refuse to produce. As explained below, the court will order the defendants to deliver that document to its chambers so that it can confirm that defendant Mark Kartman's responses to the plaintiff's interrogatories about the document fully and accurately summarize the information relevant to the plaintiff's claim. In light of this, there is no reason for a *pro bono* attorney to review the document. The court believes that the plaintiff is otherwise capable of

representing himself at this time, so it will deny his motion for reconsideration of that decision.

B. *Reconsideration of Denial of Motion to Compel*

The plaintiff alleges that Kartman said he fired the plaintiff from his prison job because the plaintiff refused to participate in the investigation of a series of gang-related fights, despite Kartman's belief that the plaintiff had relevant information (the plaintiff denies that he had any relevant information). Dkt. No. 1 ¶27. During discovery, the plaintiff asked Kartman to produce documents that supported Kartman's assertion that the plaintiff was involved in or had information about the fights. The defendants responded with some documents, but they noted that they were withholding an eight-page document containing notes of confidential interviews conducted as part of the investigation. Dkt. No. 28 at 2. To provide the plaintiff with relevant information without disclosing the confidential document itself, the defendants suggested that the plaintiff serve an interrogatory on Kartman, seeking information about what Kartman knew based on his investigation.

The plaintiff did so, and Kartman responded to the interrogatory as follows: "During a confidential interview with security staff, an inmate stated that plaintiff was supposed to be involved in the altercation." Dkt. No. 37 at 4. Kartman further explained,

> This indicated that plaintiff may have falsely denied involvement during plaintiff's interview. It also indicated plaintiff was a security threat if allowed to continue working in the kitchen, both because of his reported involvement in security threat group activities, and because of a risk of attack by other security threat group activities, and because of a risk

4

>of attack by other security threat group members as retaliation for plaintiff's staying out of an altercation that he was supposed to have been involved in.

Id. (citing Dkt. No. 31-1 at 1-2).

The defendants argue that the contents of the confidential document are irrelevant because the basis for the plaintiff's claim is fundamentally flawed. Dkt. No. 37 at 3. They assert that, whether the document supports Kartman's assertion that he had reason to believe the plaintiff was involved in the fights when he fired the plaintiff doesn't matter, because regardless of *why* Kartman fired him, the firing was not related to the plaintiff's exercise of any constitutionally protected right. Id. The defendants conclude that, because the evidentiary value of the document to the plaintiff is low, it would be highly prejudicial to require the defendants to produce it, given that it is such a highly confidential security document. Id.

The plaintiff does not clearly explain why he does not want to rely on the sworn statement from Kartman about the contents of the document, and instead demands access to the document itself. It may be that the plaintiff wants confirmation that Kartman's summary about the relevant contents of the document is complete and accurate. The court understands the plaintiff's desire for confirmation; however, the court also is sensitive to the institution's need to keep investigation techniques, inmate witnesses and other sensitive information confidential.

To that end, the court will order the defendants to deliver a copy of the confidential investigation report to the court's chambers for an *in camera* (in

5

chambers) review. The court will determine whether, as the defendants have represented, Kartman's response to the plaintiff's interrogatory about the document was complete and accurate. If Kartman's response was complete and accurate, the plaintiff has given the court no reason to order that the defendants produce the document. The court will enter a decision on that aspect of the plaintiff's motion for reconsideration and on the defendants' motion for a protective order once the court has reviewed the document.

The court **DENIES** the plaintiff's motion for an extension of time as moot. Dkt. No. 29.

The court **DENIES** the plaintiff's motion for reconsideration with respect to that portion of the court's June 30, 2017 order (dkt. no. 28) denying the plaintiff's motion to appoint counsel. Dkt. No. 30.

The court **ORDERS** the defendants to deliver a copy of the confidential investigation report to the court's chambers for an *in camera* review within **twenty-one days** of this order.

The court will enter a decision on the plaintiff's motion for reconsideration of the court's denial of his motion to compel and on the defendants' motion for a protective order after it has had an opportunity to review the confidential investigation report.

Dated in Milwaukee, Wisconsin this 14th day of August, 2017.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**